IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 0 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00453-BNB

RICHARD MARTINEZ,

    Plaintiff,

v.

KEVIN MILYARD, Warden of the Sterling Correctional Facility, and
SUSAN JONES, Warden of the Centennial South Correctional Facility,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Richard Martinez, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Centennial South Correctional Facility in Cañon City, Colorado. He initiated this action *pro se* by filing a prisoner complaint pursuant to 42 U.S. § 1983.

The Court must construe Mr. Martinez's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Martinez will be ordered to file an amended complaint that asserts how each named party violated his constitutional rights.

Mr. Martinez must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Martinez must name and show how each individual caused the

deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), *petition for cert. filed*, 79 U.S.L.W. 3362 (U.S. Dec. 1, 2010) (No. 10-741).

Mr. Martinez may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Martinez uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Martinez also is instructed that, to state a claim in federal court, he must explain in his amended complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The amended complaint Mr. Martinez will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the

claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Accordingly, it is

ORDERED that Plaintiff, Richard J. Martinez, file **within thirty days from the date of this order** an amended complaint that complies with the instant order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Martinez, together with a copy of this order, two copies of a Court-approved Prisoner Complaint form, one of which is to be used in submitting the amended complaint. It is

FURTHER ORDERED that if Mr. Martinez fails within the time allowed to file an amended prisoner complaint that complies with this order, the complaint and the action will be dismissed without further notice.

DATED March 30, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00453-BNB

Richard Martinez
Prisoner No. 75213
Centennial Correctional Facility
PO Box 600
Cañon City, CO 81215- 0600

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on March 30, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk