FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 21 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00453-BNB

RICHARD MARTÍNEZ,

        Plaintiff,

v.

KEVIN MILYARD, Warden of the Sterling Correctional Facility, and
SUSAN JONES, Warden of the Centennial South Correctional Facility,

        Defendants.

_____

## ORDER OVERRULING OBJECTION

_____

This matter is before the Court on the letter (docket no. 7) that Plaintiff, Richard Martínez, submitted to and filed with the Court *pro se* on April 18, 2011.  The Court must construe Mr. Martinez's filings liberally because he is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.

The Court will construe the letter liberally as an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A).  For the reasons stated below, the objection will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

In his motion to reconsider, Mr. Martínez objects to the March 30, 2011, order to file an amended complaint.  He argues that he is

"not going to do it, because i've [sic] named the right
defendants.  The reasons is because both of these wardens
are accountable for policies, procedures and conditions of
their facilities.  This is the whole basis of my complaint.  I'm
challenging these policies, procedures and conditions and
how they have effected [sic] me and my constitutional rights
i'm [sic] entitled to have protected during my time of
incarceration.

Letter (docket no. 7) at 1.

Plaintiff's letter of explanation is insufficient to cure the deficiencies in the

complaint.  Magistrate Judge Boland's March 30 order is neither clearly erroneous nor

contrary to law.  Therefore, Mr. Martínez's liberally construed objection will be overruled.

Mr. Martínez will be allowed twenty days from the date of this order in which to comply

with the March 30 order for an amended complaint.  Failure to do so within the time

allowed will result in the dismissal of the instant action.

Lastly, Plaintiff is directed to stop sending letters directly to judicial officers.  Rule

77.2 of the Local Rules of Practice – Civil for this Court forbids *ex parte*

communications with judicial officers.

Accordingly, it is

ORDERED that the letter (docket no. 7) that Plaintiff, Richard Martínez,

submitted to and filed with the Court *pro se* on April 18, 2011, is construed liberally as

an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A), and the objection is overruled.  It

is

FURTHER ORDERED that Mr. Martínez is allowed **twenty (20) days from the**

**date of this order** in which to comply with the March 30, 2011, order for an amended

complaint.  It is

2

FURTHER ORDERED that, if Mr. Martínez fails to file the amended complaint within the time allowed, the complaint and the action will be dismissed without further notice.  It is

FURTHER ORDERED that Plaintiff is directed to stop sending letters directly to judicial officers in violation of D.C.COLO.LCivR 77.2 forbidding *ex parte* communications with judicial officers.

DATED at Denver, Colorado, this __21st__ day of ____April____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00453-BNB

Richard Martinez
Prisoner No. 75213
Centennial Correctional Facility
PO Box 600
Cañon City, CO 81215- 0600

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on April 21, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
             Deputy Clerk